In the Matter of FLORENCE B. ZIEGLER, Appellant. FRITZ ZIEGLER, as Executor of OTTO H. ZIEGLER, Deceased, et al., Respondents.— Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

WALTER C. REMELIUS, Appellant, v. CORBETTA CONSTRUCTION CO., INC., et al., Respondents.— Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

ROSE TAKACS, an Infant, by ANNA TAKACS, Her Guardian ad Litem, et al., Appellants, v. STEPHEN KAPELA et al., Respondents.— Present — Lazansky, P. J., Johnston, Taylor and Close, JJ.; Carswell, J., not voting. Settle order on notice.

ALOISIA VACHUDA, Respondent, v. GEORGE W. JOHN, Appellant, Impleaded with Another. (Appeals Nos. 1 and 2.) Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

ANNA YANNOTTA et al., Respondents, v. CHARLES E. MCDONNELL et al., Appellants. — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

JOAQUIM ANTONIO, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— The plaintiff sustained his injuries when he was run down by a backing locomotive as he walked along the sixth or switching track, in defendant's freight yard, which he had entered for the purpose of seeking employment by consignees as a loader of the goods in the freight cars. The yard contained six tracks, each of which, with the exception of the first and sixth tracks, was immediately adjacent to a paved roadway. At the time of the accident plaintiff was endeavoring to ascertain the names of the consignees from the nature of the merchandise in the cars of a train on the fifth track, the doors of which cars faced a paved roadway on one side and the sixth track on the other side. There was adequate evidence from which the jury might justifiably find that plaintiff had been impliedly invited into the yard by the defendant to be "connected with or employed upon the railroad" in furthering its business of expeditiously transshipping freight and that such invitation extended to the whole yard. Consequently section 83 of the Railroad Law (Cons. Laws, ch. 49), and section 1990 of the Penal Law (Cons. Laws, ch. 40), prohibiting persons not "connected with or employed upon the railroad" from walking upon or along the tracks or right of way of the railroad, were not applicable to the plaintiff. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Adel, J., dissents and votes to dismiss the appeal from the order and to reverse the judgment and dismiss the complaint on the ground that the plaintiff was a trespasser under the common law and under the statute, and had no right to be on the tracks where he was injured.